IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, INC.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>GREEN RAMP LLC, ANDREW EDGE, and ROY W. BROWN III,<br><br>                    Defendants. | **4:21CV3303**<br><br>**FINDINGS AND RECOMMENDATION** |

This case was removed to federal court from the District Court of Lancaster County, Nebraska. Plaintiffs move for remand, arguing Defendants' removal notice was untimely filed. (Filing No. 9). Defendants argue Plaintiff has waived any right to seek remand. For the reasons discussed below, the motion for remand should be granted.

STATEMENT OF FACTS

Plaintiff's complaint alleges claims against the defendants for breach of contract, recovery on an open account, and unjust enrichment. As stated in the complaint, the amount in controversy is more than $179,000.00. The complaint further alleges that Plaintiff is a Nebraska corporation, and Defendant Green Ramp L.L.C. is a Wyoming limited liability company owned by Defendant Edge, an Ohio citizen, and Defendant Brown, a Virginia citizen. (Filing No. 1-1). Green Ramp's corporate disclosure statement identifies a third owner, David Draper, a South Carolina citizen. (Filing No. 2). The amount in controversy exceeds $75,000, and there is complete diversity of citizenship. As stated in Defendants' removal notice, this court has diversity subject matter jurisdiction. 28 U.S.C.

1332; GMAC Commercial Credit LLC v. Dillard Department Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).

Plaintiff served its complaint on Defendant Green Ramp on September 7, 2021, (Filing No. 10-2), and on Defendants Edge and Brown on September 12, 2021 and September 15, 2021, respectively. (Filing No. 10-3 and 10-4). On October 21, 2021, more than 30 days after the last defendant was served, Defendants requested until October 29, 2021 to "respond to the complaint." Plaintiff's counsel agreed to extend the "Answer date" to October 29, 2021. (Filing No. 10-5). Defendants' notice of removal was filed on October 29, 2021. (Filing No. 1).

Plaintiff filed a motion for remand less than 30 days later, on November 18, 2021. (Filing No. 9). Plaintiff's only other filings in this court are its corporate disclosure statement, (Filing No. 8), and an unopposed motion to continue the deadline for filing its response to Defendants' counterclaim. (Filing No. 11). Plaintiff cited two reasons for moving to continue: 1) its motion to remand was pending, and 2) Plaintiff needed additional time to investigate Defendants' Counterclaim and prepare a response. (Filing No. 11). Plaintiff has filed no other motions and has requested no affirmative relief in this forum.

## ANALYSIS

Plaintiff argues remand is required because Defendants failed to remove this case within 30 days after Defendants were served. A plaintiff objecting to removal as untimely may, within 30 days, file a motion asking the district court to remand the case to state court. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) (citing 28 U.S.C. § 1447(c)). When a motion for remand is filed, the defendants bear the burden of proving their removal was proper. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969).

2

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action or proceeding must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." The removal statute is narrowly construed, with any doubt about the propriety of removal resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). "Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal." Trice v. Wal-Mart Stores, Inc., No. 10-CV-01250-FJG, 2011 WL 710155, at *1 (W.D. Mo. Feb. 17, 2011) (citing In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir.1992); Carroll v. Gold Medal of Tenn. Inc., 869 F. Supp. 745, 746 (E.D. Mo. 1994)).

When a complaint is filed against multiple defendants, a later served defendant retains the right to removal with the unanimous consent of all defendants even if the earlier served defendants failed to timely remove the case. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 756–57 (8th Cir. 2001). As applied to this case, the last served defendant was Brown, who was served on September 15, 2021. Defendants' notice of removal was filed more than 30 days later, on October 29, 2021. The notice of removal was untimely filed.

Defendants argue Plaintiff waived any right to remand. A plaintiff may waive the right to remand by failing to file a timely motion to remand based on a non-jurisdictional defect. 28 U.S.C. § 1447(c). Since the 30-day removal time limit in 28 U.S.C. § 1446(b) is procedural rather than jurisdictional, a plaintiff waives the right to remand based on a claim of untimely removal if its motion for remand is filed more than 30 days after the removal notice was filed. McHugh v.

3

Physicians Health Plan of Greater St. Louis, Inc., 953 F.Supp. 296, 299 (E.D. Mo. 1997). In this case, Plaintiff's motion for remand was filed within 30 days after Defendants filed a notice of removal. Plaintiff did not waive its right to remand by filing an untimely motion.

Defendants argue Plaintiff waived any right to remand by granting Defendants until October 29, 2021 to Answer the complaint. Defendants argue Plaintiff agreed that Defendants could "have until 10-29-21 to respond to the complaint," referring to Filing No. 10-5 at CM/ECF p. 1. Defendants argue that by granting their requested extension, Plaintiff waived any claim that the notice of removal was due prior to October 29, 2021. Defendants argue, "If plaintiff had wanted to limit its agreed brief extension of time to an answer only, excluding counterclaims, crossclaims, removals, etc., it should have done so explicitly." (Filing No. 13 at CM/ECF p. 4).

As an initial matter, a notice of removal is neither an Answer nor a response to a complaint. If a defendant files a notice of removal but does not timely file an Answer or motion addressing the allegations within the complaint, the defendant is in default. So, even if Plaintiff has agreed to Defendants' request to extend the deadline to "respond" to the complaint, that extension would not include the continuing the deadline for filing a notice of removal.

Moreover, upon review of Filing No. 10-5, Defense counsel asked to extend the deadline to "respond" to the complaint, and Plaintiff agreed to extend the "Answer" date to October 29, 2021 for all Defendants. (Filing No. 10-5). This email conversation occurred on October 21, 2021, after the 30-day period for filing a notice of removal had already lapsed. So, based on both the express language and the timing of the email exchange, the court cannot find that Plaintiff's counsel intended to reopen the time frame for filing a Notice of Removal when counsel granted Defendants additional time to file an Answer.

4

Defendants claim Plaintiff waived any right to remand by engaging in affirmative activity in federal court. A plaintiff may waive the right to remand when its post-removal affirmative conduct indicates an unequivocal assent to a federal forum such that permitting remand would be offensive to fundamental principles of fairness. Owens v. Gen. Dynamics Corp., 686 F. Supp. 827, 830 (S.D. Cal. 1988). A plaintiff waives the right to remand if it has taken significant action in the federal court, indicating it has essentially acquiesced to a disposition of the case by the federal court, (Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc., 563 F. Supp. 489, 493 (E.D. Ark. 1983)), or by advocating its own claims for relief in the federal forum. Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996) "A party that engages in affirmative activity in federal court typically waives the right to seek a remand, particularly if the federal court has ruled unfavorably." Id. (internal citations omitted) (finding the right to remand was waived where Plaintiff moved to file a supplemental complaint, vigorously argued the motion, and then moved for remand after the motion to amend was denied). Generally, "[w]aiver of the right to remand has been found where [the] plaintiff has filed numerous pleadings and discovery requests after a case has been removed to federal court." Barahona v. Orkin, No. CV 08-04634-RGK (SHX), 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008).

Aside from the motion for remand and supporting documents, Plaintiff's only filings in this forum are its corporate disclosure statement and an unopposed motion to continue its deadline to respond to Defendants' counterclaim. Plaintiff's compliance with Rule 7.1 of the Federal Rules of Civil Procedure, which required it to file a corporate disclosure statement, cannot be construed as waiving the right to seek remand. "Courts generally have not found waiver where a plaintiff undertakes minimal or expected case-management obligations once a case is removed." SWC Inc. v. Elite Promo Inc., 234 F. Supp. 3d 1018, 1022–24 (N.D. Cal. 2017). Compliance with the court's deadline for filing a corporate disclosure

5

statement is clearly not unequivocal assent to litigating the entire case in a federal forum. See, e.g., Student A. By & Through Mother of Student A. v. Metcho, 710 F. Supp. 267, 269 (N.D. Cal. 1989) (finding the plaintiff did not waive her right to remand by timely filing a jury demand); Magill v. Wick Towing, Inc., No. C16-0348 JLR, 2016 WL 3476449, at *2 (W.D. Wash. June 21, 2016) (finding the plaintiff did not waive his right to remand by filing a joint status report and serving initial disclosures).

As to Plaintiff's unopposed motion to extend the deadline for responding to Defendants' counterclaim, the motion itself identifies the pending motion for remand as a basis for the request, clearly indicating Plaintiff was not waiving the remand motion by requesting additional time to file a response or Answer to the counterclaim. Moreover, Defendants cannot plausibly argue that Plaintiff took affirmative action in the federal court by seeking leave to not file a response or answer to the counterclaim in this court. See Harris Corp. v. Kollsman, Inc., 97 F. Supp. 2d 1148 (M.D. Fla. 2000) (holding Plaintiff did not waive its right to remand by stipulating that Defendant need not answer or respond to the complaint until settlement discussions reached an impasse).

To summarize, Defendants notice of removal was untimely filed, Plaintiff's motion for remand was timely filed, and Plaintiff has not waived its right to seek remand of this case to the District Court of Lancaster County.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiff (Filing No. 9) be granted in its entirety.

The defendant is notified that failing to file an objection to this recommendation by December 10, 2021 may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

December 3, 2021.

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge